UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI D. LYNN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY JUVENILE DEPENDENCY COURT, CAROL CHRISMAN, TAMERA ZEACHA, SHERRI HELLER, ABBY RIOS,<br><br>　　　　　Defendants. | No.  2:19-cv-1317-KJM-EFB PS<br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8    relief above the speculative level on the assumption that all of the complaint's allegations are
9    true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   Under this standard, the court must accept as true the allegations of the complaint in
13   question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
14   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
15   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading
16   requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a
17   complaint to include "a short and plain statement of the claim showing that the pleader is entitled
18   to relief, in order to give the defendant fair notice of what the claim is and the grounds upon
19   which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20   Plaintiff brings this action against defendants Sacramento County Juvenile Dependency
21   Court; Carol Chrisman, a dependency court referee; Tamera Zoucha, a social worker; Sherri
22   Heller, Director of the Sacramento County Department of Health and Human Services; and Abby
23   Rios, the foster parent of plaintiff's daughter. ECF No. 1 at 2-3. The complaint alleges that
24   plaintiff's daughter was removed from her home and placed into foster care. ECF No. 1 at 5.
25   Sometime thereafter, defendant Rios allegedly offered to return the daughter to plaintiff in
26   exchange for plaintiff's "unborn son" and $10,000. *Id*. Plaintiff then alleges that defendant
27   Heller made false statements to the juvenile dependency court, and that defendant Heller refused
28   to provide plaintiff reunification services. *Id*. Based on these allegations, plaintiff purports to

allege claims under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1589, *et seq.*, and for "Parental Rights." *Id.* at 4.

As a threshold matter, the complaint asserts claims against a state court referee (defendant Chrisman) and Sacramento County Juvenile Dependency Court, which is part of the California Superior Court. State court referees are entitled to quasi-judicial immunity for acts perform in judicial proceedings. *See Guerra v. Cty. of Alameda*, 163 F.3d 606, *1 (9th Cir. 1998) (unpublished) (defendant acting as a referee in a judicial proceeding entitled to quasi-judicial immunity). The California Superior Court is also immune from suit. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (Eleventh Amendment bars suit against state superior court and its employees). To the extent plaintiff seeks to allege claims against Chrisman based on her performance of judicial functions, such claims would be barred by quasi-judicial immunity.

The complaint's allegations also fail to state a claim under the TVPA, which provides a civil cause of action for victims of trafficking and forced labor. 18 U.S.C. § 1595. Plaintiff does not allege that she was the victim of human trafficking or forced labor. And while the complaint alleges that defendant Rios offered to return plaintiff's daughter in exchange for money, plaintiff—who is not an attorney and proceeds pro se in this action—cannot assert claims on behalf of her daughter. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (pro se plaintiffs are generally prohibited "from pursuing claims on behalf of others in a representative capacity*."); Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (a parent may not bring suit on behalf of a minor child without first retaining an attorney).

Plaintiff's remaining claim is styled as "Parental Rights." ECF No. 1 at 4. It appears from plaintiff's allegations that she is attempting to allege a familial association claim under the Fourteenth Amendment. The right to familial associations has both a procedural and substantive component. *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). "While the right is a fundamental liberty interest, official may interfere with the right if they provide the parents with fundamentally fair procedures." *Id.* (citations and quotations omitted). The right to familial

1  association is violated where "a state official removes children from their parents without their
2  consent, and without a court order, unless information at the time of the seizure, after reasonable
3  investigation, establishes reasonable cause to believe that the child is in imminent danger of
4  serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably
5  necessary to avert the specific injury at issue." *Id*. at 1237-38.  "[O]nly official conduct that
6  'shocks the conscience' is cognizable as a due process violation." *Lemire v. California Dep't of*
7  *Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013).

8  "[T]o prevail on a claim of judicial deception in a child abuse or custody proceeding, a
9  plaintiff must show that '(1) the defendant official deliberately fabricated evidence and (2) the
10 deliberate fabrication caused the plaintiff's deprivation of liberty.'" *Keates*, 883 F.3d 1228, 1240
11 (9th Cir. 2018) (quoting *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017).  "To establish the
12 second element of causation, the plaintiff must show that (a) the act was the cause in fact of the
13 deprivation of liberty, meaning that the injury would not have occurred in the absence of the
14 conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the
15 injury is of a type that a reasonable person would see as a likely result of the conduct in
16 question." *Spencer*, 857 F.3d at 798.

17 Here, plaintiff's allegations are too vague and conclusory to state a familial association
18 claim.  Plaintiff alleges defendant Heller made false statements in connection with the
19 dependency case, but fails to identify any specific statement that was false.  Nor does plaintiff
20 explain how Heller's actions, or any other defendant's conduct, deprived her of the right to
21 familial association.

22 Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.  Plaintiff
23 is granted leave to file an amended complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.
24 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any
25 deficiency in their complaints).  Any amended complaint must allege a cognizable legal theory
26 and state sufficient facts in support of that cognizable legal theory.  Should plaintiff choose to file
27 an amended complaint, it shall clearly set forth the allegations that support each claim for relief.
28 /////

It shall also set forth plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: August 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE