|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LORI D. LYNN, | Case No. 2:19-cv-01317-KJM-JDP (PS) |
|---|---|
| Plaintiff, | ORDER VACATING THE SEPTEMBER 29, 2020 FINDINGS AND RECOMMENDATIONS |
| v. |   |
| SACRAMENTO COUNTY, *et al.*, | ECF No. 6 |
| Defendants. | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO STATE A CLAIM |
|   | OBJECTIONS DUE WITHIN 14 DAYS |
|   | ECF No. 7 |

On August 28, 2020, plaintiff was ordered to file a first amended complaint within 30 days. ECF No. 5. On September 29, 2020, the previously assigned magistrate judged entered findings and recommendations that this case be dismissed for failure to state a claim, relying in part on plaintiff's failure to submit a first amended complaint. ECF No. 6. On September 30, 2020, plaintiff filed a first amended complaint. ECF No. 7. Thus, I will vacate the previous findings and recommendations, ECF No. 6, and screen plaintiff's first amended complaint, ECF No. 7. Plaintiff seeks to bring a civil claim under the Trafficking Victims Protection Act

("TVPA"), 18 U.S.C. § 1595, against defendants Dana Jacques, Tamera Zoucha, Sherri Heller, EA Family Services, Families for Children, Abigale Rios, and Raymond Rios. *Id.* at 2-3.[1]

## Background[2]

Plaintiff, a parent without custody of her daughter and infant son, complains about circumstances surrounding the birth of her son and her daughter's guardianship. Plaintiff alleges that she is a victim of human trafficking because her surgeon, defendant Dana Jacques, purposely cut her uterus during a caesarean section in retaliation for plaintiff's refusal to sell her son to Dr. Jacques. ECF No. 7. at 4.

Plaintiff met her daughter's appointed guardian, defendant Abigale Rios, on a visit with her daughter. *Id.* Ms. Rios suggested that plaintiff should allow her daughter to be adopted and plaintiff refused. *Id.* At the time plaintiff was five months pregnant, she had an open court case, and her power had been shut off. *Id.*

Two days later Ms. Rios returned to work at the hospital where Dr. Jacques works and told Dr. Jacques about plaintiff's situation. *Id.* This was the point at which plaintiff was referred to Dr. Jacques. *Id.* After work that day, Ms. Rios called plaintiff and reported that she had discussed plaintiff with her coworkers at the hospital. *Id.* Ms. Rios indicated that her coworkers wanted to adopt plaintiff's baby son and offered plaintiff $10,000 to fix her house and help get her daughter back into plaintiff's custody. *Id.* Plaintiff responded that her kids are not for sale or adoption. *Id.* Ms. Rios responded by threatening that plaintiff's daughter could get lost in the system. *Id.*

In relation to her daughter's case, plaintiff alleges that defendant Sherri Heller[3] rewrote a deposition to add that plaintiff had meth pipes on her counter and a bag of flour in her refrigerator. *Id.* at 5. Plaintiff complains about the court proceedings and alleges that she was assigned to an adoption social worker in error. *Id.*

---

[1] Plaintiff has abandoned her claims against Sacramento County Juvenile Dependency Court and Carol Chrisman but added four new defendants not named in her original complaint.

[2] Plaintiffs allegations are presumed to be true for the limited purpose of screening this complaint.

[3] This defendant's name is also spelled Sherry Hiller in the pleadings.

2

On August 8, 2015, plaintiff started to go into labor. *Id.* Dr. Jacques gave plaintiff a blood transfusion on the day she was admitted. *Id.* Plaintiff delivered by caesarean section. *Id.* After the surgery, a nurse noticed some internal bleeding and plaintiff was taken back to surgery. *Id.* Plaintiff was in surgery for nine hours. *Id.* Dr. Jacques "seemed mad" that plaintiff had survived the surgery. *Id.* at 6. Afterwards, Dr. Jacques told plaintiff that she had warned plaintiff of the risk of getting cut before surgery. *Id.* At some point afterwards, when plaintiff went to visit her baby in the hospital he was gone. *Id.* The nurses informed plaintiff that there was a protective order that was obtained while plaintiff was still in the hospital recovering from her surgery. *Id.* Plaintiff went to visit her daughter without the new baby, and plaintiff's daughter was afraid that plaintiff had sold her baby. *Id.*

Eventually, plaintiff was able to set up an appointment to see her son. *Id.* On her first visit with her baby, Dr. Jacques was present and "shaking her foot like she was irritated." *Id.* at 7.

Plaintiff alleges that her daughter's foster parents, Ms. Rios and her husband Raymond Rios, took plaintiff's daughter to Costa Rica to show her to children there and encourage children to be adopted in America. *Id.* at 6. Plaintiff also alleges that her daughter was kept out of school and taken to do babysitting work without pay. *Id.* at 7.

Plaintiff seeks criminal prosecution of those involved and to be reunited with her children. *Id.* at 9.

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions alone do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Discussion

"An individual who is a victim of a violation of [the TVPA] may bring a civil action . . . ." 18 U.S.C. § 1595(a). "The purposes of [creating a civil remedy] are to combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." 22 U.S.C. § 7101A. A "victim" is a person subject to trafficking, which includes "recruitment, harboring, transportation, provision, or obtaining a person for labor or services, through the use of force, fraud or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery." 22 U.S.C. § 7102(11)(B).[4]

Plaintiff argues that when she went to the hospital to give birth by caesarean section, her doctor cut her uterus on purpose to try to harm or kill plaintiff in retaliation for plaintiff not agreeing to sell her baby. Although these allegations are serious, plaintiff was not subjected to human trafficking under the TVPA. Plaintiff was not recruited or obtained to provide labor or services through force, fraud, or coercion and subjected to involuntary servitude. *See* 22 U.S.C. § 7102(11)(B). As explained in the court's previous screening order, ECF No. 5, plaintiff cannot bring trafficking claims on behalf of her children, who must be represented directly. Further, the types of relief that plaintiff seeks cannot be obtained through an individual civil lawsuit under the

---

[4] Plaintiff does not specify what provisions of the TVPA apply to her allegations. However, the facts of this case do not include allegations of a commercial sex act, and so the provisions related to sex trafficking appear to be inapposite. *See* 22 U.S.C. §§ 7102(11)(A), (12).

TVPA. *See* 18 U.S.C. § 1595(a) (allowing individual victims to bring a civil action for damages and reasonable attorneys fees); *see also* 18 U.S.C. § 1595A(a) (allowing the Attorney General to bring a civil action seeking to enjoin any person who is engaged or about to engage in human trafficking). Plaintiff has already been given leave to amend and further leave to amend would be futile.

Accordingly,

1. I hereby order that the court's September 29, 2020 findings and recommendations are vacated. ECF No. 6.
2. I hereby recommend that the court dismiss this case for failure to state a claim.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 22, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5